IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIMMY EARL HALL, # 103508, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 1:13-cv-229-WHA |
| ) | (WO) |
| ) | |
| CARTER DAVENPORT & LUTHER ) | |
| STRANGE, ) | |
| ) | |
| Respondents. ) | |

# **ORDER**

This 28 U.S.C. § 2254 petition for writ of habeas corpus is before the court on the Recommendation of the Magistrate Judge (Doc. # 41), entered on September 2, 2016, and the Petitioner's Objections (Doc. # 42), filed on September 19, 2016. The court has conducted an independent evaluation and de novo review of the file in this case and finds the following:

Hall challenges his 2011 conviction for solicitation to commit murder imposed upon him by the Circuit Court of Houston County, Alabama. Hall's conviction was based on the testimony of his cell mate, Charles Osborne, that Hall solicited him to murder Hall's stepmother. Osborne's testimony was corroborated by a wire recording of one conversation between Hall and Osborne in which they discussed the murder of Hall's stepmother via arson.

First, Hall challenges the finding made in the Recommendation that lack of testimony from the individual who merely downloaded the recording from the wire device to the computer and then from the computer to the CD did not cause a break in the chain of custody, as an officer present during this process testified to this link in the chain of custody. The court agrees with the Magistrate Judge's determination that "the infirmity about which Hall complains was a mere

weak link in the chain. Thus, the court finds that the State established a proper chain of custody such that admission of the CD into evidence was proper. Because the State laid a proper chain of custody at Hall's trial, there was no basis for a chain-of-custody objection by trial counsel. Counsel is not ineffective for failing to assert a baseless or meritless objection. *See United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992)." *Id.* at 30.

Hall next alleges that the recording was tampered with because the prosecutor "slowed the tape down and used larger speakers" to determine some of the initially inaudible statements contained on the recording. *Objection – Doc. No. 42* at 2. This assertion, however, fails to indicate any "tampering" with the recording. Hall also asserts that the Alabama Court of Criminal Appeals' decision that the recording corroborated Osborne's testimony is contrary to federal case law regarding corroboration, as the recording does not indicate his intention to solicit a murder, but only an arson. *Id.* ("The recording is the best evidence and what it indicates is a perfect crime of solicitation of arson in the first degree and not a solicitation of murder.") This claim is without merit as the record before the court, including the transcripts of the CD recording, establishes that the recording sufficiently corroborates Osborne's testimony regarding Hall's intent to solicit the murder of his stepmother.

Hall asserts that the trial court erred in admitting into evidence two transcripts of the CD recording prepared by the State as an aid to the jury because the prosecutor failed to provide him copies of each transcript for review prior to trial. It is undisputed that the prosecutor furnished the defense with a copy of the CD recording well before trial. This action provided the defense an opportunity, if it chose to do so, to prepare transcripts of the recording for use at trial. In addition, defense counsel was specifically advised by the court that he could object to any portion of the transcripts which were not an accurate recitation of the recording. Moreover, Hall

was a party to the conversation on the recording and during his testimony testified as to the content of the inaudible statements and to other statements he alleged were not in any manner captured by the recording. This court agrees with the Magistrate Judge that the failure to provide Hall copies of each transcript prepared by the State "is simply without constitutional merit." *Id.* at 33–34.

With respect to Hall's claim that appellate counsel failed to provide him the trial transcript for purposes of completing the direct appeal process and filing a Rule 32 petition, the Magistrate Judge determined that the claim on which he sought relief on direct appeal and the claims presented after receipt of the transcript failed to violate his constitutional rights and, therefore, counsel's failure to provide him a transcript "was not prejudicial and did not constitute ineffective assistance." *Id.* at 40. The court agrees.

In the last paragraph of his objection, Hall alleges that his "intent was to make a drug buy from Osborne . . . and nothing else." *Doc. No. 42* at 4. This assertion contradicts both Hall's previous statement in the objection that the recording showed his intent to only commit arson in the first degree by starting a fire with a person inside a building, *Doc. No. 42* at 2, ¶ 3, and his defense at trial and previous argument before the Magistrate Judge that he meant only to solicit the arson of an unoccupied playhouse on his property.

The objections filed by Hall fail to undermine the findings contained in Recommendation and the court finds them to be without merit.

Therefore, it is hereby Ordered as follows:

1. Plaintiff's objections are Overruled.

2. The court adopts the Recommendation of the Magistrate Judge.

3. This 28 U.S.C. § 2254 petition for writ of habeas corpus is Denied and this case is Dismissed with prejudice.

4. Final Judgment will be entered.

Done this 23rd day of September, 2016.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE